UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MOUNTAIN VIEW MHC, co James A. Raeon,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN DEEM and JOHN AND JANE DOES I–X,<br><br>Defendants. | Case No.: 2:20-cv-00558-REB<br><br>**MEMORANDUM DECISION AND ORDER RESOLVING PLAINTIFF'S MOTION TO REMAND**<br>**(DKT. 8)** |

On December 10, 2020, *pro se* Defendant Brian Deem removed this action to federal court (Dkt. 1). On January 12, 2021, Plaintiff Mountain View MHC moved to remand to state court (Dkt. 8). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Mountain View MHC filed a Complaint in the First Judicial District of the State of Idaho on November 19, 2020, alleging that it had served its tenant Defendant Brian Deem with a "90-Day Notice Not to Renew Lease" in August 2020 but that Defendant did not vacate the premises and had instead become a holdover tenant. Compl. ¶¶ III, IV (Dkt. 1-3).

On December 10, 2020, Defendant removed the action to this court. (Dkt. 1.) Included in the Notice of Removal are assertions that Plaintiff's state court unlawful detainer action violates federal laws and regulations, including the CARES Act. On January 12, 2021, Plaintiff moved to remand the action back to state court, arguing that the nationwide federal moratorium on evictions due to the COVID-19 pandemic does not apply in this case because the non-renewal of the lease in this matter was not due to non-payment of rent and because the federal

**MEM. DECISION AND ORDER RE: PLAINTIFF'S MOTION TO REMAND – 1**

moratorium does not apply in jurisdictions, including Idaho, where state or local authorities have implemented public health protections at or above those contained in the federal moratorium.

On February 22, 2021, Defendant responded in opposition to the motion to remand, arguing again that the state court unlawful detainer proceeding violates federal law and thus presents a federal question over which this federal court has subject matter jurisdiction.

## LEGAL STANDARD

The removal of a case from state court to federal court is governed by 28 U.S.C. §§ 1441–1455, which outline when removal is proper and the procedures required to accomplish removal. Under 28 U.S.C. § 1441(a), only cases of original jurisdiction in federal district courts may be removed to federal court. Further, as a general rule, removal statutes "are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). A "defendant seeking removal has the burden to establish that removal is proper." *Id.*

## DISCUSSION

Defendant appends to his Notice of Removal an excerpt from the Federal Register dated September 4, 2020, which documents a "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19" issued by the Centers for Disease Control ("CDC"). (Dkt. 1-3 pp. 5–10; 85 Fed. Reg. 55,292–55,297.) The document summary indicates that the publication is an "Order under Section 361 of the Public Health Service Act to temporarily halt residential evictions to prevent the further spread of COVID-19." *Id.*

The "Applicability" section of the Order provides that "[u]nder this Order, a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property in any jurisdiction to which this Order applies during the effective period of the Order. This Order does

**MEM. DECISION AND ORDER RE: PLAINTIFF'S MOTION TO REMAND – 2**

not apply in any State, local, territorial, or tribal area with a moratorium on residential evictions that provides the same or greater level of public-health protection than the requirements listed in this Order." *Id.* (footnote omitted).

The Order defines "covered person" as "any tenant, lessee, or resident of a residential property who provides to their landlord, the owner of the residential property, or other person with a legal right to pursue eviction or a possessory action, a declaration under penalty of perjury" that makes certain representations regarding the covered person's housing and financial circumstances. Notably, the Order's original effective dates were from "September 4, 2020 through December 31, 2020." However, a Congressional Research Service report indicates that the eviction moratorium Order was extended legislatively through January 31, 2021. *See* https://crsreports.congress.gov/product/pdf/IN/IN11516. Additionally, this Order is distinct from an earlier nationwide eviction moratorium established by the CARES Act. That moratorium ran from March 27, 2020 through July 24, 2020.

In its motion, Plaintiff argues that the Idaho Supreme Court issued an Amended Order on May 4, 2020 that incorporates the nationwide moratorium on eviction filings on certain properties. (Dkt. 8 at 2.) Plaintiff further contends that the Amended Order has not been rescinded or further amended. In support of its argument, a copy of the Idaho Supreme Court's Amended Order is attached to its motion (Dkt. 8 pp. 4–5). The Amended Order is captioned "In Re: Eviction Moratorium Under the CARES Act." *See* https://isc.idaho.gov/EO/eviction-order.pdf. The Amended Order states that it is "[i]n response to Section 4024 of the … CARES Act" and it orders that certain forms attached to the Amended Order be used in state court eviction proceedings through July 25, 2020.

On its face, it is not clear that the Idaho Supreme Court's May 4th, 2020 Amended Order applies in this action. By its terms, it applies only to "any eviction action initiated between May

**MEM. DECISION AND ORDER RE: PLAINTIFF'S MOTION TO REMAND – 3**

4, 2020 and July 25, 2020" and to "any currently pending eviction" as of the date the Amended Order was issued, which was May 4, 2020.  But Plaintiff filed its case in state court on November 19, 2020; hence, it was neither initiated nor pending during the periods identified in the Amended Order.  Moreover, the Amended Order refers expressly to the CARES Act, and the nationwide eviction moratorium in that Act expired on July 24, 2020.  Therefore, it is not apparent from the moving papers whether or to what extent the Amended Order implicates the CDC's more recent agency order imposing a similar – but not identical – nationwide eviction moratorium as that contained in the CARES Act.

On this record, Plaintiff has not shown that this Court lacks subject matter jurisdiction and therefore its motion to remand will be denied.  The only authority Plaintiff cites for the proposition that federal subject matter jurisdiction is lacking in this case refers to different filing dates and a different moratorium than the one Defendant invokes.  Thus, it is not apparent that Defendant's removal of this action to federal court was improper.  If at any point it becomes clear that federal subject matter jurisdiction is lacking in this Court, the case will be remanded to state court.  But Plaintiff has not, as of this juncture, made such a showing.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Dkt. 8) is **DENIED**.

DATED: March 19, 2021

Ronald E. Bush
Chief U.S. Magistrate Judge

**MEM. DECISION AND ORDER RE: PLAINTIFF'S MOTION TO REMAND – 4**